**STATE of Texas, Appellant,**

v.

**T. A. MANNING & SONS, INC., Appellee.**

No. 16155.

Court of Civil Appeals of Texas.

Dallas.

Oct. 26, 1962.

Will Wilson, Atty. Gen., and Bob E. Shannon, Asst. Atty. Gen., Austin, for appellant.

Henry Klepak, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order denying a temporary injunction in a quo warranto proceeding instituted by the State of Texas, appellant herein, against T. A. Manning & Sons, Inc., appellee, a Dallas insurance agency corporation. Art. 1302, § 5.14 of the Texas Miscellaneous Corporations Laws Act authorizes the Attorney General to file quo warranto or other appropriate proceedings to forfeit the charter or cancel the permit of any corporation when he is convinced the corporation is insolvent.

Art. 1.02(16) of the Texas Business Corporation Act, V.A.T.S. defines insolvency as follows: " 'Insolvency' means inability of a corporation to pay its debts as they become due in the usual course of its business."

The trial court had granted an ex parte restraining order against appellee. At the hearing to determine whether the restraining order should be made into a temporary injunction the State presented the testimony of five witnesses. After the State had rested its case, appellee moved for judgment in its favor. The motion was sustained and a decree was entered denying the temporary injunction.

The testimony offered by the State on the issue of insolvency is not positive or certain. One witness, an examiner for the State Insurance Board, testified that appellee had liabilities of $1,245,713.90 and assets of only $389,680.90. But on cross-examination he admitted that he had included as a liability an alleged claim of $969,130.58 against appellee by the Receiver of Lumbermens' Insurance Company. The books of appellee showed no such claim. No suit had been filed on the claim. So far as the witness knew no demand for the payment had been made. The witness' knowledge was based on a letter he had seen from the Receiver to the Insurance Board in which letter the Receiver said such a claim existed. The witness conceded that if this alleged claim and other questioned claims were excluded, and if certain assets claimed by appellee were included, appellee's assets would exceed its liabilities by almost $200,000.00.

Other witnesses testified to certain alleged past due accounts payable, but on cross-examination admitted that the accounts were not really delinquent, as appellee had 90 days time to remit insurance premiums collected; and, further, that in many instances there was a genuine dispute as to the amount due, if any, by appellee. The dispute revolved around cancellations of policies, which cancellations required adjustments involving unearned premiums.

Rather than unduly lengthen this opinion we shall not detail the several other instances when the State's evidence is vague on the issue of insolvency.

 It has long been the rule that the granting or refusing of a temporary injunc-

tion lies within the discretion of the trial court and the order of the court will not be reversed on appeal in the absence of an abuse of discretion. See 31 Tex.Jur.2d 345 and the many cases there cited.

 In the light of the evidence adduced at the hearing we shall not say that the trial judge abused his discretion in refusing to grant the temporary injunction sought by appellant.

The judgment of the trial court is affirmed.